# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| NANCY P. MIKRUT,<br>　　　Plaintiff,<br><br>　　　v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br>　　　Defendant. | CIVIL ACTION NO.<br>3:03cv1714 (SRU) |

## ATTORNEYS' FEE AWARD

Nancy Mikrut filed this suit pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). She sought review of UNUM Life Insurance Company of America's ("Unum") denial of long-term disability benefits. I previously granted Mikrut's motion for judgment on the administrative record. *Mikrut v. UNUM Provident Corp.*, 2006 WL 3791417 (D. Conn. Dec. 21, 2006). In that ruling, after considering the factors set forth in *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 872 (2d Cir. 1987), I exercised my discretion to award attorneys' fees to Mikrut.

Mikrut filed a timely motion for fees and costs, seeking $83,537.68. That motion was supported by summary time records maintained by the law firm of Moukawsher & Walsh, as well as several declarations. Unum opposed the motion, arguing principally that: (1) certain charges are not compensable; (2) the requested fees are excessive; and (3) the requested fees should be reduced pro rata to account for inefficiencies in the handling of this matter. For the reasons set forth below, the motion is granted, but fees and costs are awarded in an amount less than that sought by plaintiff's counsel.

**Background**

Mikrut's request for $83,537.68 in fees was calculated as follows:

1. $15,795.00 for 35.1 hours billed by Thomas G. Moukawsher at $450 per hour;

2. $59,955.00 for 171.3 hours billed by Ian O. Smith at $350 per hour;

3. $6,370.00 for 36.4 hours billed by paralegals and law students at $175 per hour; and

4. $1,417.68 for expenses and costs.

Mikrut's counsel both submitted declarations in support of their requested fees. Moukawsher, who has been practicing – principally in the area of ERISA litigation – for 21 years, states that his "ordinarily chargeable rate is $450.00 per hour." Moukawsher Decl. at ¶ 13. "This rate was applied for without opposition and approved by the Northern District of California and the Northern District of Illinois . . . ." *Id.* Smith, who has been practicing – principally in the area of ERISA litigation – for five years, states that he "frequently charge[s] $350 per hour for [his] work in ERISA matters." Smith Decl. ¶ 7. Smith further states that the firm "frequently bill[s its] paralegal, Melissa Martineau, out at a rate of $175 per hour." *Id.* ¶ 8.

Mikrut also submitted a declaration from two out-of-state lawyers. The first was William T. Payne, a Pittsburgh lawyer with 28 years' experience, who indicated that he is "quite familiar with prevailing rates for handling ERISA matters" in the Western District of Pennsylvania and elsewhere. Payne Decl. ¶ 10. Payne opined that the hourly rates sought by Moukawsher and Smith "are reasonable and well within the range of those for which counsel successfully litigating ERISA cases are compensated" in the Western District of Pennsylvania and elsewhere. The second was Mark D. Debofsky, a Chicago lawyer who has been practicing for 27 years, who indicated that his current hourly fee is $425 per hour. Debofsky believes that his own hourly rate

2

"is somewhat below the market rate for attorneys with comparable expertise, knowledge and years of experience." Debofsky Decl. at ¶ 8. Debofsky opined that "the proposed hourly rates of $450 for Mr. Moukawsher and $350 for Mr. Smith are consistent with market rates for attorneys with their skills and expertise and consistent with market rates for the services they have performed in Chicago and nationwide." *Id.* ¶ 9.

Unum challenges the fee request on several grounds. Unum argues that: (1) certain of the charges are inappropriate; (2) the requested hourly rates are not reasonable for this community; and (3) that inefficiencies in the prosecution of the case requires a pro rata reduction of the fee request.

**Discussion**

1. Challenged Charges

Mikrut's fee application seeks a total of $2,882.50 in attorneys' fees[1] incurred at the administrative level from June 19 through September 25, 2003. Those fees are not compensable in an ERISA fee award. *Peterson v. Continental Casualty Co.*, 282 F.3d 112, 121 (2d Cir. 2002).

Unum challenges a $300 expert witness fee sought by Mikrut. An expert witness fee is a compensable expense in an ERISA fee application. *See Connecticut v. Physicians Health Servs. of Conn., Inc.*, 103 F. Supp. 2d 495, 508 (D. Conn. 2000), *citing* H.R.Rep. No. 103-601(II), 103rd Cong., 2nd Sess.1994, 1994 WL 388009 at *1998-99 ("This section also amends section 502(g) of ERISA, to provide that in any action or settlement proceeding under this title with respect to a health plan by a participant or beneficiary under such plan in which the participant or

---

[1] These fees result from 5.2 hours billed by Moukawsher, 1.4 hours billed by Smith, and .3 hours billed by a paralegal.

3

beneficiary prevails or substantially prevails, the participant or beneficiary shall be entitled to reasonable attorney's fees, *reasonable expert witness fees*, and other reasonable costs relating to the action. Fees to which the participant or beneficiary is entitled under this paragraph shall be at generally prevailing hourly rates.") (emphasis supplied)**.**

Unum challenges several specific items in the fee application. Some have merit; others do not. The $167.32 transcript fee is a taxable cost allowed by Rule 54(c)2 of the Local Rules of Civil Procedure for this District. The $751.51 in computer legal research is a substitute for an attorney's time and thus compensable as part of a fee application. *United States ex rel. Evergreen Pipeline Construction Co. v. Merritt Meridian Construction Corp.*, 95 F.3d 153, 173 (2d Cir. 1996). The $48.85 in postage and Federal Express charges are not taxable as costs under Local Rule 54(c)7(xvi). Three tenths of an hour of Smith's time was not properly attributed to work on this case (Nov. 18, 2005 and two entries on June 6, 2006).

　　2. <u>Reasonableness of Claimed Hourly Rates</u>

The parties dispute the reasonableness of the hourly rates sought by Mikrut's two lawyers in this case: $450 per hour for Moukawsher and $350 per hour for Smith. Mikrut argues that Moukawsher was awarded $450 per hour for a case he handled in Chicago and another in San Francisco, and was once awarded $395 per hour in this District. Mikrut also argues that ERISA lawyers "take cases across the country and charge rates based on this *national*, not local, marketplace." Pl.'s Reply Brief at 5. The two declarations of out-of-state lawyers confirm that the requested rates would be reasonable in the big-city districts in which those lawyers primarily practice.

Unum counters that the "'prevailing community' used to determine the lodestar figure is

typically, with few exceptions, 'the district in which the court sits.'" Def.'s Opposition Brief at 6 (citing *Sony Electronics, Inc. v. Soundview Technologies, Inc.*, 389 F. Supp. 2d 443 (D. Conn. 2005)). Unum argues that Mikrut has not provided a case from this District in which a court has awarded "as high an hourly award as requested for a partner or an associate in any type of case in which an attorney's award is available, let alone an ERISA case." *Id.* at 7.

Following the completion of the briefing on this motion, the Second Circuit issued a decision, *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F.3d 110 (2d Cir. 2007) ("*Arbor Hill*"), that bears on the issues raised by Mikrut's motion for attorneys' fees. In *Arbor Hill*, the Second Circuit abandoned use of the term "lodestar" in favor of the "presumptively reasonable fee," which is calculated using the "reasonable hourly rate," defined as "the rate a paying client would be willing to pay." *Id.* at 117-18. A district court, "in exercising its considerable discretion, [should] bear in mind *all* of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. . . . In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson*[2] factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case

---

[2] *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93 (1989). The twelve *Johnson* factors are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of emplyment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 493 F.3d at 114.

effectively." *Id.*

In determining the reasonable hourly rate used to calculate the presumptively reasonable fee, the *Arbor Hill* Court commented on the "forum rule." "The Supreme Court directed that district courts should use the 'prevailing [hourly rate] in the community' in calculating the lodestar – or what we are now calling the presumptively reasonable fee. After *Blum,*[3] we explained that the 'community' for purposes of this calculations is the district where the district court sits." *Id.* at 118 (citing *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)). Still, the Second Circuit recognized that the "forum rule" is not absolute. "We now clarify that a district court may use an out-of-district hourly rate – or some rate in between the out-of-district rate sought and the rates charged by local attorneys – in calculating the presumptively reasonable fee if it is clear that a reasonable, paying client would have paid those higher rates." *Id.* at 119. Finally, the *Arbor Hill* Court noted that the appropriate "community" for calculating a reasonable hourly rate need not necessarily be tied to geography. "The legal communities of today are increasingly interconnected. To define markets simply by geography is too simplistic. Sometimes, legal markets may be defined by practice area." *Id.* at 120.

One thing the *Arbor Hill* decision makes clear is that no particular lawyer is entitled to any particular hourly rate in any particular case. Instead, the district court must determine in each case what rate a reasonable, paying client would have paid for the lawyers' services in that case. The practice of pointing out the highest rate the lawyer has ever been awarded by any court and then seeking at least that much for every case fails to comply with the methodology required by *Arbor Hill*. The "district court (unfortunately) bears the burden of disciplining the market,

---

[3] *Blum v. Stenson*, 465 U.S. 886 (1984).

stepping into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." *Id.* at 112.

Here, after considering the factors set forth in *Arbor Hill*, including the twelve so-called *Johnson* factors, I find that the reasonable hourly rate chargeable by each of Mikrut's attorneys in this case is lower than the rates sought in the present motion, even if the requested rates represent the rates charged by those lawyers in other cases. The rates of $450 per hour for an experienced partner, $350 for a mid-level associate, and $175 for a paralegal or law student are significantly higher than prevailing rates in this District for all but the most demanding and complex cases. There are no specific considerations in this case that would cause a client to agree to the claimed rates. This case involves an appeal of a disability determination on cross-motions for judgment on the administrative record. The case is not complex, novel or intellectually difficult; it is not the type of case for which there is a national market for counsel. The case did not require special expertise, did not involve voluminous discovery, did not involve claims by a class of plaintiffs, and did not raise particularly thorny legal or factual issues. Many attorneys practicing in this District could have ably handled this case for Mikrut at much lower rates than those sought. Although Mikrut's lawyers are experienced, able, and enjoy good reputations, this case did not demand a high level of skill to litigate it effectively. Finally, the information provided in the declarations of out-of-state attorneys – principally the hourly rates awarded by other courts in other cases pending in other districts – is not particularly helpful when analyzing what a reasonable, paying client would pay for legal services in this case.

Based upon the foregoing factors, I find that the reasonable hourly rates for this case are: $350 per hour for Moukawsher, $220 per hour for Smith, and $100 per hour for a paralegal or

law student.

### 3. Requested Pro Rata Reduction

I decline to impose the pro rata reduction on the hours billed requested by Unum. My review of the time records of Moukawsher & Walsh does not leave me with the sense that the matter was handled inefficiently by that firm, that the time entries are fatally insufficient, or that there was needless duplication of effort.

**Conclusion**

Mikrut's motion for attorneys' fees and costs **(doc. # 101)** is granted, but the amount of the fees and costs awarded is less than requested. I award a total of $52,755.83, calculated as follows:

1. $10,465.00 for 29.9 hours billed by Thomas G. Moukawsher at $350 per hour;

2. $37,312.00 for 169.6 hours billed by Ian O. Smith at $220 per hour;

3. $3,610.00 for 36.1 hours billed by paralegals and law students at $100 per hour; and

4. $1,368.83 for expenses and costs.

It is so ordered.

Dated this 28th day of September 2007 at Bridgeport, Connecticut.

        /s/ Stefan R. Underhill
        Stefan R. Underhill
        United States District Judge